UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                               Criminal Case No. 18-20323

Dushonn Shephard,                        Sean F. Cox
                                                                United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Dushonn Shephard ("Defendant") was convicted of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances and was sentenced to 56 months' imprisonment. Defendant has not yet reported to begin serving that sentence. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve his entire sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 and 846. This Court imposed a below-guidelines sentence of 56 months' imprisonment on October 18, 2019. (ECF No. 304).

After Defendant was ordered to report to begin serving his sentence, Defendant filed several motions asking the Court to extend his report date so that he could obtain treatment for Crohn's disease. Defendant also sought to extend his report date due to concerns about the ongoing novel coronavirus pandemic ("COVID-19").

To date, Defendant has not reported to begin serving his sentence. He is currently scheduled to do so on November 16, 2020. (ECF No. 400).

In addition to having his report date extended, Defendant also filed a Motion for Compassionate Release on September 8, 2020. (ECF No. 393). Defendant's counsel states that Defendant exhausted his administrative remedies by making requests for compassionate release to the Warden of FCI Milan and the Bureau of Prisons. He states that more than 30 days have elapsed without a response.

Defendant is a 50 year-old African-American man. Defendant has Chohn's disease. He has had several surgeries in connection with the disease and takes several medications. Defendant contends that his necessary medications have a known side effect of weakening the immune system. Defendant contends that he is often sick and requires medical attention. Defendant claims to have spinal damage which requires physical therapy. Defendant asks the Court to grant his motion and order that he serves his sentence in home confinement.

The Government opposes the motion, noting that Defendant has not yet begun serving his sentence. The Government contends that Defendant has not offered any legal authority to show that a person who has not yet begun serving his or her sentence is eligible for compassionate release under the statute. It also contends that the motion should be denied in any event, due to dangerousness and because a § 3553 analysis shows that relief is not appropriate in this case.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve his entire sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and

compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, the Government does not appear to dispute that Defendant may be in a group at a higher risk of severe illness from COVID-19.

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was attempting to broker a deal of a significant quantity of fentanyl, an extremely dangerous drug. Defendant also has a prior criminal history prior to that offense.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct in this case was serious and allowing Defendant to be released before serving a single day of his below-guidelines sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for

Compassionate Release is **DENIED.**

    **IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: October 26, 2020