UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 18-20323

Dushonn Shephard,               Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING DEFENDANT'S
SECOND MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Dushonn Shephard was convicted of a drug offense and he is now serving his 56-month prison sentence. The matter is currently before the Court on Defendant's second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court DENIES the motion.

## BACKGROUND

Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 and 846. On October 25, 2019, this Court sentenced Defendant to a term of 56 months of imprisonment. (*See* 10/25/19 Judgment).

After Defendant was ordered to report to begin serving his sentence, Defendant filed several motions asking the Court to extend his report date so that he could obtain treatment for Crohn's disease. This Court extended Defendant's report date several times.

On September 8, 2020 – before Defendant had reported to begin serving his prison

sentence – Defendant's counsel filed a Motion for Compassionate Release, asking that Defendant be permitted to serve his entire sentence at home. That motion was based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This Court denied that motion in an Opinion and Order issued on October 26, 2020.

Thereafter, Defendant reported and began serving his 56-month sentence. Defendant is fifty-one years old and is currently housed at FCI Morgantown. His projected release date is November 5, 2023.

On October 29, 2021, again acting through counsel, Defendant filed another Motion seeking Compassionate Release. (ECF No. 452). Defendant Shephard asserts that he has medical conditions that he believes make him susceptible to the more severe complications of COVID-19, if he were to contract it. It is undisputed that Defendant suffers from Cohn's disease, has had prior surgeries for it, and takes medications to treat that disease. Defendant also claims to have nerve damage to his legs and cervical disc problems.

The Government agrees that Defendant has exhausted his administrative remedies as to the pending motion but opposes the motion on the merits.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to

reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). "The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d. 516, 520 (6th Cir. 2021).

The compassionate release statute allows a district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). When a defendant files for compassionate release on his or her own behalf, as Shephard did here, no policy statement applies, so the second requirement plays no role. *United States v. Jones*, 980 F.3d at 1110.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Defendant again contends that his request for compassionate release should be granted because his health conditions, combined with the ongoing pandemic, constitute extraordinary and compelling circumstances.

Defendant's medical records, however, reflect that Defendant has been fully vaccinated. Defendant received both doses of the Pfizer vaccine. (*See* ECF No. 458-1). Even accepting the serious nature of Defendant's alleged medical conditions, this Court concludes that Shephard's

incarceration during the pandemic – when he has been fully vaccinated – does not present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, __ F.4th __, 2021 4699249 at *3 (6th Cir. Oct. 8, 2021); *see also United States v. Taylor*, __ F.4th __, 2021 WL 5045703 at *1 (Nov. 1, 2021). "After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *Lemons, supra*. Accordingly, this Court concludes that Shephard has not established "extraordinary and compelling" reasons for a sentence reduction.

In addition, even if he could, this Court continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Shephard's offense weigh against his release. Defendant was attempting to broker a deal of a significant quantity (more than a kilogram) of fentanyl, an extremely dangerous drug. Defendant also had a criminal history prior to that offense.

Shephard has only served about a year of his 56-month sentence and his long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law. And this Court already gave Shephard a break when it sentenced him to a below-guidelines sentence of 56 months when he faced a guidelines-sentence of 70 to 87 months.

This Court does not believe that releasing Shephard early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: December 7, 2021